**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

8   MALINKA MOYE,                                    No. C-14-3121 EMC (pr)

9            Plaintiff,

10      v.                                           **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

11   NAPA STATE HOSPITAL; *et al.*,

12           Defendants.
                                          /
13

14

15                          **I.    INTRODUCTION**

16           Malinka Tacuma Wade Moye, an inmate at the San Francisco County Jail, filed a *pro se* civil

17   rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for review under 28

18   U.S.C. § 1915A.

19                          **II.    BACKGROUND**

20           In his garbled complaint in this action, Mr. Moye alleges many conclusions but virtually no

21   facts.  He alleges that he is suing "over use of unreasonable, unnecessary, excessive force, extortion,

22   slavery & kidnapping under false pretenses to admitt plaintiff into State Hospital.  Past date of

23   expired Statute of limitations on 5-11-11.  11-08-11."  Docket # 1 at 2 (errors in source).

24                          **III.    DISCUSSION**

25           A federal court must engage in a preliminary screening of any case in which a prisoner seeks

26   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

27   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

28   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

**United States District Court**
For the Northern District of California

1  monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se*

2  pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

3  (9th Cir. 1990).

4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right

5  secured by the Constitution or laws of the United States was violated, and (2) that the violation was

6  committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48

7  (1988).

8      The complaint has several defects and must be dismissed.  First, the complaint fails to allege

9  "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by

10  Federal Rule of Civil Procedure 8(a)(2).  The conclusory allegations in the complaint fail to satisfy

11  some of the basic purposes of a complaint: framing the dispute and giving the defendants and court

12  notice of the claims upon which relief is sought.  "Specific facts are not necessary; the statement

13  need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it

14  rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

15  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

16  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

17  formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be

18  enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550

19  U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to

20  relief that is plausible on its face."  *Id.* at 570.  In his amended complaint, Mr. Moye must allege a

21  short and plain statement of each claim for relief he wishes to assert.

22      Mr. Moye indicates that he was sent to Napa State Hospital "illegally" yet also indicates that

23  he was sent there when he was found mentally incompetent to stand trial.  *See* Docket # 1 at 4.  In

24  his amended complaint, he should allege facts showing why the transfer to Napa State Hospital was

25  illegal.  He also should allege whether his transfer was pursuant to court order.  Mr. Moye also

26  alleges that he was admitted "into state hospital. past date of expired statute of limitations 5-11-11.

27  11-08-11."  Docket # 1 at 2 (errors in source).  He does not identify the statute of limitations to

28  which he refers, or how a statute of limitations would preclude his admission to a state hospital.  In

United States District Court

For the Northern District of California

his amended complaint, Mr. Moye must explain with more clarity his claim that he was kept at the hospital too long.  Mr. Moye also alleges that someone intentionally and "illegally administered psychological drugs" to him.  Docket # 1 at 2.  In his amended complaint, he must explain why the administration of the drugs was illegal and whether it was pursuant to a court order.

Second, the complaint does not adequately link defendants to legal claims.  In his amended complaint, Mr. Moye must be careful to allege facts showing the basis for liability for each defendant.  He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Mr. Moye is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.  Liability under Section 1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff names as defendants the California State Board of Psychology and the California Board of Medical Doctors, apparently on the theory that they licensed members of the medical staff at Napa State Hospital.  The fact that these two entities licensed the alleged wrongdoers is not sufficient to hold them liable under § 1983, as it would be impermissible respondeat superior liability.[1]  *See Tsao v. Desert Palace, Inc.*, 698 F. 3 1128,1139 (9th Cir. 2012) (no respondeat superior liability under § 1983 for the actions of the private entity's employees).

One of the named defendants is Napa State Hospital.  The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another

---

[1] If Mr. Moye wants to sue the individual doctors and psychologists he can do so.  If he does not know their names, he may sue them as Jane Doe and John Doe defendants.  The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint.  Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name.  Mr. Moye must take steps promptly to discover the full name (i.e., first and last name) of each of the Doe defendants and provide that information to the Court in his amended complaint.  The burden remains on the plaintiff; the Court will not undertake to investigate the names and identities of unnamed defendants.

United States District Court
For the Northern District of California

1   state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234,

2   237-38 (1985).  Eleventh Amendment immunity also extends to suits against a state agency. *See*

3   *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of

4   Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); *see*

5   *also Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and

6   San Quentin State Prison not persons within meaning of Civil Rights Act).  Napa State Hospital is

7   dismissed from this action because it is an agency of the State of California facility and has Eleventh

8   Amendment immunity against the suit.

9       Third, this action is one of 18 actions filed by Mr. Moye in a one-month period, and there are

10  many overlapping allegations between the many complaints and all of the complaints are deficient.

11  Because it is a waste of court resources to have to consider multiple complaints alleging the same

12  thing, Mr. Moye must limit his allegations *in this action* to acts and omissions that occurred at Napa

13  State Hospital.  In short, he can assert claims in this action only  about the allegedly improper

14  transfer to Napa State Hospital and the allegedly improper administration of drugs at Napa State

15  Hospital.  No other claims should be alleged in the amended complaint.

16                          **IV.    CONCLUSION**

17      The complaint fails to state a claim upon which relief may be granted.  Leave to amend is

18  granted so that Mr. Moye may file an amended complaint to attempt to state a claim against

19  defendants.  For each instance of a constitutional violation, Mr. Moye should name each person who

20  violated his constitutional right(s), describe what each person did or failed to do that caused a

21  violation of his constitutional right(s), state where the violation occurred, and state when the

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

violation occurred.  The amended complaint must be filed no later than **September 5, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

      IT IS SO ORDERED.

Dated:  July 29, 2014

                                _____
                                EDWARD M. CHEN
                                United States District Judge

**United States District Court**
For the Northern District of California