UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALINKA MOYE,

    Plaintiff,

  v.

NAPA STATE HOSPITAL; *et al.*,

    Defendants.
_____/

No. C-14-3121 EMC (pr)

**ORDER OF DISMISSAL**

  Malinka Tacuma Wade Moye, formerly an inmate at the San Francisco County Jail and now an inmate at the Napa State Hospital, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint and dismissed it with leave to amend to cure numerous problems. Mr. Moye then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

  The amended complaint in this action is a rambling jumble of ideas and conclusory allegations that is largely incomprehensible, except as mentioned in the next two paragraphs. The amended complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further leave to amend will not be granted because it would be futile: the order of dismissal with leave to amend identified the deficiencies in the original complaint and Mr. Moye was unable or unwilling to cure them in his amended complaint. There is no reason to believe that, with further leave to amend, he would be able to present a coherent statement of his claim(s).

  The amended complaint alleges that several defendants provided fabricated reports regarding him in the criminal case pending against him in San Francisco County Superior Court. *See* Docket #

1  10 at 16. The allegedly fabricated reports were reports from psychologists/psychiatrists under the
2  California Penal Code §§ 1368-1370 proceedings when there is doubt as to a defendant's mental
3  competence, and a report on his propensity for violence from an expert appointed by the court
4  pursuant to California Evidence Code § 730.

5  The amended complaint also alleges that Mr. Moye was unlawfully transported to Napa State
6  Hospital and that antipsychotic medications have been unlawfully administered to him at Napa State
7  Hospital. *See, e.g.,* Docket # 10 at 6, 11, 16. 24, and 32. However, he also alleges that the
8  defendants' transportation and medication of him were done pursuant to orders in the criminal case
9  pending against him. He does not describe any wrongfulness about the transportation or the
10 medication decisions other than that they were done pursuant to orders that he believes were
11 defective. For example, he alleges that he is being kept in Napa State Hospital "by fake criminal
12 court orders," *id.* at 24; and that defendants "issued false reports to S.F. Superior Court, used in fake
13 trial then issued false reports to Napa State Hospital to secure illegal transport & illegal
14 administering of drugs also used in fake [California Penal Code §] 1369 trial," *id.* at 32. Exhibits
15 attached to miscellaneous filings from Mr. Moye indicate that the San Francisco County Superior
16 Court has ordered him committed to Napa State Hospital because he has been found incompetent to
17 stand trial pursuant to California Penal Code § 1370. *See* Docket # 15 at 5; Docket # 12 at 7-8.
18 Exhibits also indicate that the involuntary administration of antipsychotic medication has been
19 authorized by the San Francisco County Superior Court pursuant to California Penal Code §
20 1370(a)(2)(ii)(I). *See* Docket # 12 at 6, 8. The only claims the Court understands go to the heart of
21 criminal proceedings pending against Mr. Moye requires this Court to intrude upon state court
22 proceedings.

23 Under principles of comity and federalism, a federal court should not interfere with ongoing
24 state criminal proceedings by granting injunctive or declaratory relief absent extraordinary
25 circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies
26 throughout the state criminal proceedings, requiring that state appellate review of a state court
27 judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the*
28 *Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of

abstention decision, state court proceedings still considered pending). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

*Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka*, 23 F.3d at 223. Here, all three prongs of the abstention test are met. First, the state criminal proceedings are ongoing in San Francisco County Superior Court. Second, the criminal prosecution involves important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45). Third, Mr. Moye can present in the state trial and appellate courts his claims that the experts' reports, his transfer to Napa State Hospital and medication while there were unlawful.

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, Mr. Moye does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with the state criminal case. *Younger* abstention is warranted. *See Juidice v. Vail*, 430

U.S. 327, 348 (1977) (where a district court finds Younger abstention appropriate, the court may not retain jurisdiction and should dismiss the action). The action must be dismissed.

For the foregoing reasons, and the reasons stated in the order of dismissal with leave to amend, this action is DISMISSED for failure to state a claim upon which relief may be granted and because *Younger* abstention is required as to the claims arising from the state court criminal case against Mr. Moye.

In light of the dismissal of this action, Mr. Moye's pending motions are DISMISSED as moot. Docket # 7, # 11, # 14, and # 16.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: November 14, 2014

_____
EDWARD M. CHEN
United States District Judge